UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Retail Ventures, Inc., *et al.*,

    Plaintiffs,

-v-

National Union Fire Insurance
Company of Pittsburgh, PA,

    Defendant.

Case No. 2:06-cv-00443
Judge Michael H. Watson

## OPINION AND ORDER

Plaintiff in this diversity action asserts claims for declaratory judgment, breach of contract, and breach of the duty of good faith and fair dealing. This matter is before the Court on defendant's motion to dismiss, or, in the alternative, to strike (Doc. 17). For the reasons that follow, the Court denies defendant's motion to dismiss, and grants in part and denies in part defendant's motion to strike.

### I. Facts

The Court accepts as true the well-pleaded facts set forth in the complaint. Plaintiff Retail Ventures, Inc. ("Retail Ventures") is an Ohio corporation. Plaintiff DSW, Inc. ("DSW") is an Ohio corporation. DSW is a controlled subsidiary of Retail Ventures. Plaintiff DSW Shoe Warehouse ("DSW Shoe") is a Missouri corporation. DSW Shoe is a wholly owned direct subsidiary of DSW. DSW Shoe engages in the business of selling designer shoes from its retail store locations.

Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is a Pennsylvania corporation. National Union engages in the business of selling insurance, including computer fraud insurance.

National Union sold the Consumer Fraud Insurance Policy ("Policy") to Retail Ventures, with the policy period beginning August 1, 2004. In March 2005, Retail Ventures became aware that there had been unauthorized access and theft of customer data on retail store and corporate computer systems (the "Computer Hacking Incident"). The following occurred as a result of the Computer Hacking Incident: the United States Secret Service initiated an investigation; Retail Ventures was required to pay the cost of re-issuance of credit cards for DSW customers whose account information was fraudulently used; the Ohio Attorney General sued DSW; customers in Illinois, Michigan and Ohio sued DSW.

Retail Ventures sent National Union a Partial Proof of Loss on September 16, 2005. On January 30, 2006, National Union took the position that coverage was barred because the Partial Proof of Loss did not provide the business addresses for the stores involved in the Computer Hacking Incident, and because the Policy excluded coverage for "proprietary information, Trade Secrets, Confidential Processing Methods of other confidential information of any kind."

Plaintiffs brought this action in the Franklin County Court of Common Pleas on May 9, 2006. National Union removed the case to this Court on June 8, 2006 on the basis of diversity jurisdiction.

## II. Motion to Dismiss

A motion to dismiss for failure to state a claim "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 857, 858 (6th Cir. 1976). Rule 12 (b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Wright & Miller, *Federal Practice and Procedure* § 1356 (1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. *Id.*

On the other hand, more than bare assertions of legal conclusions is required to satisfy the notice pleading standard. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (emphasis in original, quotes omitted).

> "[w]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."

*Id.*

### III. Discussion

National Union moves to dismiss, or, in the alternative, to strike on the basis of two paragraphs in the complaint:

> 52. It was the intent and reasonable expectation pf Retail Ventures in purchasing insurance coverage from [National Union] that Retail Ventures would be protected by insurance coverage for the types of risk of loss attendant in the Computer Hacking Incident.
>
> 73. [National Union] failed to meet the minimum standards set forth in Ohio Revised Code § 3901.21 and Ohio Administrative Code § 3901-1-07 by its breach of the duty of good faith and fair dealing.

#### A. Reasonable expectations

With respect to paragraph 52, National Union argues that Ohio does not recognize a claim based on an insured's "reasonable expectations." Plaintiffs disavow that they assert a reasonable expectations claim, and contend that Retail Ventures' intent is relevant to the interpretation of the Policy.

National Union is correct that Ohio courts have not recognized the doctrine of reasonable expectation. *See Wallace v. Balint,* 94 Ohio St.3d 182, 189 (2002); *Sterling Merchandise Co. v. Hartford Ins. Co.,* 30 Ohio App.3d 131, 135 (9 Dist. 1986). Nonetheless, the Court does not agree with National Union's gratuitous characterization that all of plaintiffs' claims are based upon paragraph 52. Plaintiffs plead a multitude of

facts sufficient to support their claims in the absence of paragraph 52. For this reason, dismissal of all of plaintiffs' claims on the basis of paragraph 52 would be inappropriate.

In the alternative, National Union urges that the Court should strike paragraph 52. Motions to strike are governed by Fed. R. Civ. P. 12(f), which provides as follows:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

*Id.* National Union maintains paragraph 52 is subject to being stricken because it is immaterial. In essence, National Union relies on *Wallace* and *Sterling Merchandise* for the proposition that an insured's reasonable expectations cannot override the clear language of an insurance policy. It remains to be seen, however, whether the relevant language of the Policy is clear. Accordingly, the Court declines to strike paragraph 52 at this juncture.

### B. Bad faith

With respect to paragraph 73, National Union maintains that Ohio courts have held that violation of insurance statutes and regulations does not establish bad faith. Once again, National Union glibly argues that plaintiff's bad faith claim is based on paragraph 73. The Court disagrees. Plaintiffs' bad faith claim does not depend entirely on paragraph 73. Dismissal would therefore be improper.

In the alternative, National Union moves to strike paragraph 73. In support of this proposition, National Union cites Ohio case law to the effect that violation of Ohio's insurance statutes and corresponding Administrative Code provisions is not relevant to

establishing an insurer's bad faith. See Furr v. State Farm Mut. Ins. Co., 128 Ohio App.3d 607, 616 (6 Dist. 1998); Griffith v. Buckeye Union Ins. Co., 1987 WL 17805, at * 6 (Ohio Ct. App. 10 Dist. Sept. 29, 1987).

> Plaintiffs also contend that R.C. 3901.21 and its corollary Ohio Admin. Code 3901-1-07 et seq. are evidence of the standard of conduct required by an insurer doing business in its jurisdiction. The Ohio Department of Insurance rules, however, do not create a private cause of action, but are regulatory in nature. Thus, the rules cannot be considered evidence of the applicable standard of bad faith.

Griffith, at * 6. Similarly, the court in Furr stated, "Milwaukee argues that the Ohio Administrative Code does not create a cause of action for violation of its rules and, therefore, should not be considered as evidence of bad faith. We agree." 128 Ohio App.3d at 616. Following these decisions, the Court finds that the alleged violations of Ohio statutes and Administrative Code provisions on insurance are immaterial to plaintiffs' bad faith claim. Consequently, the Court will order paragraph 73 to be stricken.

## IV. Disposition

Based on the above, the Court **DENIES** defendant's motion to dismiss. The Court **DENIES** defendant's motion to strike paragraph 52 of the complaint without prejudice, and **GRANTS** defendant's motion to strike paragraph 73 of the complaint.

The Clerk shall remove Doc. 17 from the Court's pending motions list.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**